THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBIN MARK REITZ, | CASE NO. C24-0829-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| BRUCE HARRELL, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On June 12, 2024, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Summons has not yet issued.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient

MINUTE ORDER
C24-0829-JCC
PAGE - 1

facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To the extent the Court can discern his allegations, Plaintiff brings claims for violations of the federal Rackateering Influenced and Corrupt Organizations ("RICO") Act against Seattle Mayor Bruce Harrell, Governor Jay Inslee, and King County Executive Dow Constantine, and is seeking $30 million dollars in relief. But Plaintiff's allegations are not coherent. They fail to establish the conduct and legal theory supporting the relief sought. Both must be supported by specific allegations—not formulaic conclusions or legal titles. *See Iqbal*, 556 U.S. at 664.

However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead his claims. For this reason, the Court finds that leave to amend is warranted.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days after the date this order is signed.[1] If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B). The Clerk is DIRECTED to re-note Plaintiff's motion to appoint counsel (Dkt. No. 6) to August 30, 2024.

//
//
//
//

---

[1] Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the legally cognizable claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

MINUTE ORDER
C24-0829-JCC
PAGE - 2

DATED this 30th day of July 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk
